Christine A. Alexander, Esq. Formal Opinion Managing Senior Associate Counsel No. 97-F3 Of the Office of University Counsel and Vice Chancellor of Legal Affairs State University of New York State University Plaza Albany, New York 12246
Dear Ms. Alexander:
You have asked whether certain physicians and other health care personnel who are volunteers at the Clinical Campus in Binghamton of the State University of New York Health Science Center in Syracuse are entitled to defense and indemnification by the State under section 17 of the Public Officers Law. You have explained that under a clinical program approved by the President of the Health Science Center physicians retired from the clinical campus faculty will receive an uncompensated faculty appointment under which they will treat patients at the Health Science Center free of charge and provide clinical instruction to medical students. Consistent with the community service and educational components of the mission of the Health Science Center and clinical campus, the physicians will provide basic primary care medical services to uninsured patients and clinical instruction to medical students selecting this setting as an elective.
Additionally, other volunteer health care providers will be involved in the provision of this free medical care to the uninsured. They may include volunteer nurses, a nurse practitioner, nursing assistants or LPNs, a nutritionist, medical social workers, a pharmacist and others. You indicate that each volunteer will be duly registered in this program and specifically authorized to participate in the volunteer program.
Section 17 of the Public Officers Law provides defense and indemnification to an "employee" of the State which for purposes of this provision includes any person holding a position by election, appointment or employment in the service of the State "or a volunteer expressly authorized to participate in a state-sponsored volunteer program"[1].
In our view, the physicians and other health care personnel participating in this clinical program are employees within the meaning of section17 of the Public Officers Law and, therefore, are eligible to receive defense and indemnification by the State provided that the terms and conditions of the statute are met. They will be participating in a State-sponsored volunteer program.
Clinical instruction is required by law and the volunteer program has formally been established. Courses of study under the supervision of qualified family practitioners, a family care program of study and clinical experience are required in the curriculum of each State-operated institution in the State University for professional education in medicine. Education Law § 355(7). You have indicated that the volunteer program has formally been approved by the President of the Health Science Center and is consistent with the mission of the Clinical Campus at Binghamton. The "mission statement" of the State University of New York Health Science Center at Syracuse includes education of professionals in health care. Excellence in patient care and the generation of new knowledge are central to this mission. "To this end, Health Science Center clinical faculty members and health care professionals commit themselves not only to their educational activities but also to patient care." Academic Course Catalog 1996-1998, College of Medicine, SUNY Health Science Center at Syracuse. The clinical campus at Binghamton offers clinical education programs for third and fourth year medical students. Id. "The community orientation of the program fosters close working relationships with the practicing physicians and other community health professionals. Through emphasis on the patient caring function, the curriculum provides enriching clinical experiences in primary care and ambulatory settings." Id., Clinical Campus Overview. At the Binghamton Clinical Campus, "prominent experiences include a Primary Care Program designed to integrate the study of social, behavioral, and management sciences with real patient experiences, mostly in an ambulatory setting. The Primary Care Program provides the keystone for the primary care focus of the Clinical Campus." Id.
Also, the physicians formally will be selected to participate in the volunteer program through uncompensated faculty appointments. The other health care professionals formally will be selected to participate in the volunteer program after appropriate registration, licensing and training.
Thus, the volunteer program has been established with formality and, therefore, meets the requirement of section 17 that it constitute a State-sponsored volunteer program. See, 1978 Op Atty Gen (Inf) 73; Op Atty Gen No. 92-F7.
We conclude that the physicians and other health care personnel volunteering at the request of the State University of New York Health Science Center at Syracuse in the clinical program at Binghamton are entitled to defense and indemnification by the State on the terms and conditions of Public Officers Law § 17 in any civil action or proceeding arising out of any alleged act or omission which occurs or is alleged in the complaint to occur when they perform the volunteer services.
Very truly yours,
DENNIS C. VACCO
Attorney General
[1] We note that under section 17(11) the provisions of the section do not apply to physicians who are subject to the plan for the management of clinical practice income set forth in the policies of the SUNY board of trustees regarding any civil action or proceeding alleging professional malpractice. You have indicated, however, that this exception does not apply to the subject physicians because there is no charge to the patients or to any third-party payor for the medical services provided under this clinical program.